**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**JACKSON DIVISION**

**ARMONDO EUGENE CROW** **PLAINTIFF**

**VS.** **CIVIL ACTION NO. 3:04CV972BN**

**SHERIFF TOBY TROWBRIDGE, ET AL** **DEFENDANTS**

---

**MEMORANDUM OPINION AND ORDER**

The Plaintiff Armondo Eugene Crow, *pro se*, and counsel for the Defendant Dr. John Dial, Patrick Timothy Bergin, and for the remaining Defendants, Rebecca B. Cowan, appeared before the undersigned United States Magistrate Judge on the 26th day of January, 2006, at the James Eastland Federal Building and Courthouse in Jackson, Mississippi, for an omnibus hearing. The Court scheduled this hearing for various pretrial purposes, including a Spears hearing. The Court conducted this hearing in an attempt to insure the just, speedy and inexpensive determination of this *pro se* prisoner litigation and to determine whether or not the Plaintiff's claims were supported by a factual or legal basis. Pursuant to a Consent signed by all parties on January 26, 2006, District Judge William H. Barbour, Jr. entered an Order filed February 16, 2006, assigning this cause to the undersigned United States Magistrate Judge for all further proceedings.

According to Plaintiff's sworn testimony at the omnibus hearing, his claims relate to the spider bites that he received while incarcerated in the care of these Defendants in the Madison

County Jail and the medical care that he received for these bites. The Plaintiff was arrested on September 12, 2002, and housed in the Madison County Jail. In December, 2002, he was bitten on the shoulder by a spider and did not think much about it. Dr. John Dial treated him with an antibiotic, but it was not the right medication, according to the Plaintiff. After the third prescription by Dr. Dial, the bite healed. The Plaintiff contends that he was bitten once in 2002, and eight times in 2004, on "both butt cheeks, 2-3 times in public heirs [*sic*], 1 time on my testicle's (balls), left knee and couch [*sic*] of upper thigh." Complaint, p. 4. He concedes that Dr. Dial treated him for the bites but claims that the treatment was inadequate.

The Plaintiff contends that these Defendants know about the spider problem in the jail, and that they have the halls of the jail sprayed by a pest control company. However, they do not have the jail **cells** sprayed. According to the Plaintiff, the Defendants told him that it would bother the inmates if they sprayed in the cells. The Plaintiff also contends that for four months he was housed in a ten man cell with as many as seventeen inmates, and that he now tests positive for tuberculosis.

The Plaintiff conceded that these Defendants had nothing personally against him and did not intend for him to be bitten by spiders or for his medical care to be inadequate.

The Court has carefully considered the facts as alleged by the Plaintiff in conjunction with the applicable law regarding the medical care that these Defendants are required to provide the Plaintiff, an inmate in their custody. The Plaintiff is reminded that his rights under the United States Constitution are not violated simply because these Defendants were negligent or inattentive. Although actionable as a tort under common law, medical malpractice does not create a constitutional claim.

Assuming the facts as stated by the Plaintiff are accurate, the treatment the Plaintiff received after his spider bites did not work until the third round of medication. He contends that he may have gotten a staph infection due to the bites and ineffective antibiotics. Although this is regrettable, the Court finds that the facts do not state a cause of action under 28 U.S.C. § 1983 or the United States Constitution.

Indifference to a prisoner's serious medical needs does constitute an actionable Eighth Amendment violation under §1983. *Estelle v. Gamble*, 429 U.S. 97, 105-07 (1976); *Jackson v. Cain*, 864 F.2d 1235, 1244 (5th Cir. 1989). However, the Fifth Circuit Court of Appeals has clearly stated that *negligent medical care does not constitute a valid section 1983 claim*. *Mendoza v. Lynaugh*, 989 F.2d 191, 193 (5th Cir. 1993). Delay in medical care can only constitute an Eighth Amendment violation if there has been deliberate indifference, *which results in substantial harm*. *Id.*,

citing *Wesson v. Oglesby*, 910 F.2d 278, 284 (5th Cir. 1990) (delay must constitute "deliberate indifference"); *Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985) (delay must result in "substantial harm").

Additionally, as the Fifth Circuit has stated, "[d]eliberate indifference encompasses only the unnecessary and wanton infliction of pain repugnant to the conscience of mankind." *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997). The facts in the Plaintiff's case confirm that the Defendant Dr. Dial **did provide** medical care; the antibiotic he chose first was insufficient to heal the wound. This happens frequently in the free world, and Dr. Dial certainly did not intend to prescribe the wrong medicine. Under the facts as stated by the Plaintiff, simple negligence **at most** would be the appropriate claim against Dr. Dial.

The other Defendants were not responsible for Dr. Dial's treatment, and they provided medical treatment to the Plaintiff in an appropriate manner, i.e., by sending him to a physician. The Defendants obviously did not **intend** to inflict pain on this Plaintiff by having spiders in the cells; indeed, the jail halls at least were sprayed. The most that could be found was that they were negligent for not having the jail cells sprayed themselves. The standard for finding "deliberate indifference" is a **subjective** inquiry, and the prisoner must show that the jail officials were **actually aware of the risk**, yet consciously disregarded or ignored

it. *Farmer v. Brennan*, 511 U.S. 825, 837-839 (1994). Therefore, **actual knowledge and conscious disregard** of the risk of harm to the plaintiff is required before liability can be found. *Id.* Deliberate indifference cannot be simply inferred from a prison official's mere failure to act reasonably, i.e., from negligence alone. *Lawson v. Dallas County*, 286 F.3d 257, 262-63 (2002), citing *Hare v. City of Corinth, MS*, 74 F.3d 633, 649 (5th Cir. 1996). No cause of action has been stated against the remaining Defendant jail officials and sheriff.

As to the Plaintiff's contention that his cell was overcrowded, and that he sometimes had to sleep on the floor, the claim must also be dismissed. The law in this circuit is that even pretrial detainees do not have a constitutional right to an elevated bed. *Mann v. Smith*, 796 F.2d 79, 85 (5th Cir. 1986); *see also Clagg v. Fairman*, 95 C 6762, 1997 WL 136684 (N.D. Ill. Mar. 24, 1997). The Plaintiff does not contend that he has medical problems due to sleeping on a mattress on the floor or otherwise being crowded. This claim is without merit.

The United States Constitution does not forbid negligence, and the Plaintiff's claims are not cognizable under 42 U.S.C. § 1983. For these reasons, the Court finds that the Complaint filed in the instant case fails to state a claim upon which relief may be granted, is legally frivolous, and should be dismissed under 28 U.S.C. § 1915(e)(2)(B)(I) and (ii) with prejudice.

IT IS, THEREFORE, ORDERED that the Complaint is dismissed with prejudice and that a separate Final Judgment in favor of the Defendants shall be entered on this date.

THIS the 17th day of February, 2006.

S/ Alfred G. Nicols, Jr.
UNITED STATES MAGISTRATE JUDGE